---
**Redevelopment Commission of Greensboro v. Ford**

---

evidence is resorted to merely to bring to light this intention—but never to create it.

*Thompson v. Umberger,* 221 N.C. 178, 19 S.E. 2d 484 (1942). (Citations omitted.)

Although it may appear inconsistent for the trial judge to have allowed plaintiffs to amend their complaint to assert a theory of recovery he promptly ruled to be invalid, nevertheless, we hold that, because the contract to purchase property contains a patently ambiguous description which cannot be corrected without doing violence to the requirements of the Statute of Frauds the trial court properly awarded summary judgment in favor of the defendants.

Affirmed.

Judges ARNOLD and BRASWELL concur.

---

REDEVELOPMENT COMMISSION OF GREENSBORO v. ELBERT R. FORD, JR., AND WIFE, JULIA P. FORD; AND NATIONAL ADVERTISING COMPANY, INC.

No. 8318SC407

(Filed 3 April 1984)

1. **Municipal Corporations § 30.13— restrictions imposed by subservient governmental agency more restrictive than those of city council—validity of restrictions**

    Where plaintiff conveyed two lots in an area zoned light industrial to defendants and, by deed, restricted the size of billboards to 300 sq. feet, subsequent amendments by the city council to the zoning ordinance allowing billboards up to 775 sq. feet in light industrial areas did not compel a change in the restrictive covenants in the deeds between plaintiff and defendants. G.S. 160A-512(6), G.S. 160A-514(f), and G.S. 160A-390.

2. **Deeds § 20.4; Municipal Corporations § 30.13— restrictive covenant in deed concerning billboards—not invalidated by less restrictive zoning ordinance**

    The subsequent enactment of a less restrictive zoning ordinance concerning billboards by a city governing body did not invalidate a more restrictive covenant imposed by a servient governmental agency by deed given and recorded prior to passage of the less restrictive zoning ordinance.

APPEAL by defendants from *Lane, Judge.* Judgment entered 28 February 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 7 March 1984.

Plaintiff conveyed two lots in an area zoned light industrial to the defendants Elbert R. Ford, Jr., and wife Julia P. Ford. The deed contained the following limitation:

> Signs and billboards shall be permitted in such area as allowed by the Zoning Ordinance of the City of Greensboro presently in effect or as hereinafter amended; provided, however, that each sign or billboard shall not exceed a total area of 300 square feet in size.

At the time this restriction was placed on record, the zoning ordinance for the City of Greensboro did not address any limitation on size of billboard signs. Rather the ordinance merely defined a "billboard" as any sign with an area of 300 or more square feet and further defined areas where billboards could be placed. After the conveyance to the Fords, the zoning ordinance was amended to allow signs up to 500 square feet in size in the areas zoned light industrial. Subsequently, the ordinance was further amended to permit signs up to 775 square feet in size in the light industrial areas.

In the area where the Ford property is located, the Redevelopment Commission did not condemn each tract of land. Hence, some tracts are governed by the 775 foot limitation under the city ordinance, while the Ford tract is subject to the 300 square foot limitation under the deed restriction.

On 11 December 1980 the Fords leased their property to the defendant, National Advertising, for the erection of a billboard. The billboard constructed on the property is in excess of 300 feet, but is in compliance with the city ordinance at the time of erection. Plaintiff sought a permanent injunction restraining and enjoining the defendant from placing or displaying any billboard on the property in excess of 300 feet.

The trial judge entered an order granting plaintiff's motion for summary judgment. Defendant National Advertising appeals.

*Coggin, Hoyle & Blackwood by L. James Blackwood, II for plaintiff appellee.*

*Konrad K. Fish and Paul E. Marth for defendant appellant.*

HILL, Judge.

The sole issue is whether the trial court erred in granting plaintiff's motion for summary judgment. Defendant submits two arguments that summary judgment was improperly granted: restrictions imposed by a subservient government agency may not be more restrictive than those enacted by the dominant governmental unit, the city council, under its zoning ordinance; and the burden placed on the land involved in this controversy does not bear a reasonable relationship to the surrounding lands in light of the characteristics of the neighborhood involved. We find that summary judgment was properly granted.

[1] Defendant concedes in his first argument that when a restriction is placed on property by a non-governmental agency, and subsequently there is a zoning change, such change will neither nullify nor supersede a valid restriction in the use of real property. See *Mills v. Enterprises, Inc.,* 36 N.C. App. 410, 244 S.E. 2d 469, *disc. rev. denied,* 295 N.C. 551, 248 S.E. 2d 727 (1978). However, defendant contends such rule does not apply with two governmental units, one servient to the other, imposing restrictions in conflict with each other.

G.S. 160A-512(6) and G.S. 160A-514(f) provide the Redevelopment Commission of the City of Greensboro with authority to place restrictive covenants on any property it is deeding to developers so that the property being conveyed will be subject to such restrictions ". . . as the commission may deem necessary to prevent a recurrence of blighted areas or to effectuate the purposes of this Article [Article 22, Urban Redevelopment Law]."

In the case under review the restrictive covenants were adopted in the redevelopment plan prepared by the plaintiff Redevelopment Commission of Greensboro in accordance with the Urban Redevelopment Law, G.S. 160A-500 *et seq.* The restrictive covenant is a verbatim repetition of the language which was submitted in the redevelopment plan that was approved by the city council and which provided among other things as follows:

*Land Use Provisions and Building Requirements*

In addition to the controls of the plan here set forth, the provisions of the City of Greensboro Zoning Ordinance, as amended, will control. In all cases, the more restrictive control governs.

The plan and restrictive covenants further provided specifically that:

Signs and billboards shall be permitted in such areas as allowed by the Zoning Ordinance of the City of Greensboro presently in effect or as hereafter amended; provided, however, that each sign or billboard shall not exceed a total area of 300 square feet in size.

Under the enabling legislation for local zoning ordinances, G.S. 160A-381 *et seq.*, specific provision is made in G.S. 160A-390 that

[w]hen the provisions of any other statute or local ordinance or regulation . . . impose other higher standards than are required by the regulations made under authority of this Part [Part 3, Zoning Article 19. Planning and Regulation of Development] the provisions of that statute or local ordinances or regulation shall govern.

The language heretofore set out specifically provides for the possibility that the standards imposed by the zoning ordinances may be changed and standards eased at a future date. Zoning ordinances are designed to classify all the users of land lying within the jurisdiction of the city similarly situated, and cases indicate that zoning ordinances may not speak to "spot zoning." See *Blades v. City of Raleigh,* 280 N.C. 531, 549, 187 S.E. 2d 35, 45 (1972). In contrast, the restrictions imposed under the deed in this controversy are concerned with carrying out a redevelopment plan in a specific area. It was not the intent of the governing body of Greensboro to amend the redevelopment law so as to compel a change in restrictive covenants in deeds executed and delivered under statutes and ordinances in force at the time of delivery of the deed by a governmental agency created by it. Therefore, defendant's first argument presents no triable issue of fact.

[2] Defendant next argues that the burden placed on the Ford tract does not bear a reasonable relationship to the surrounding land considering the character of the neighborhood involved. The area in which the property subject to this lawsuit is situated was zoned light industrial when acquired by the Fords, and it is still zoned as such. Not all the property in the neighborhood was acquired by the Redevelopment Commission at the time this property was obtained. The only change affecting the neighborhood is the increased permissible size of billboards. Hence, some of the property is subject only to the 775 foot billboard limitation, while the Ford tract is limited to the 300 foot billboard limitation. Defendant contends that because surrounding properties are not subjected to the same requirement imposed by the restrictive covenant on the Ford tract, there has been a change of circumstances which should invalidate the restrictive covenant.

Although a valid restriction on the use of property is not superseded by the enactment of a zoning ordinance, such ordinance may be considered with other competent evidence in determining whether or not there has been a fundamental change in the restricted subdivision. *Shuford v. Oil Co.*, 243 N.C. 636, 91 S.E. 2d 903 (1956); *Mills v. Enterprises, Inc., supra.* The less restrictive limitation imposed by the zoning ordinances applies herein to properties never acquired by the Redevelopment Commission. Indeed, the record is void of any change of circumstances relating specifically to any of the properties that are subject to the restrictive covenant in question. The trial judge therefore correctly ordered that defendants be

> restrained and enjoined from the placement of any signs in excess of 300 square feet upon the property . . . until November 1, 1994, the day of the termination of the restrictive covenants on such property, and . . . that the defendants, and each of them, within thirty (30) days from signing this judgment remove any signs in excess of 300 square feet presently in place on such property so as to come within compliance of this decree. . . .

We conclude under the facts of this case the subsequent enactment of a less restrictive zoning ordinance by a city governing body does not invalidate a more restrictive covenant imposed by a servient governmental agency by deed given and recorded

prior to passage of the less restrictive zoning ordinance, nothing else appearing. The decision of the trial court in granting summary judgment in plaintiff's favor is

Affirmed.

Chief Judge VAUGHN and Judge PHILLIPS concur.